Ruffin, Chief Justice,
 

 after stating the case as above, proceeded as follows: There is precise authority very ancient, and also modern, that this action would not lie, if the plaintiff were executor, instead of being administrator. In Wank
 
 ford
 
 v. Wankford, 1 Salk. 299, Mr. Justice Gould cites from the Year Book 21, Ed. 4, 81, a case where several persons were jointly and severally bound, and the obligee made one of the obligors his executor; and it was held that he could not have an action against the other obligor. Exactly the same poiut came under consideration in
 
 Cheetham v. Ward,
 
 1 Bos.
 
 &
 
 Pul. 630, and was decided the same way. There was an effort to sustain the action, upon the distinction between a joint bond, and one joint and several; and upon the difference between a release by deed, and one by operation of law, But the court thought there was nothing
 
 *37
 
 in the distinctions; for they said, there is, in fact, but one ty extending to all the obligors, and a discharge of one, or a satisfaction made by one, is a discharge of the others. That was considered as putting an end to the argument, that the action is not necessarily suspended as to all the obligors: “for it is the effect,” says Chief Justice Eyre, “of the suspension as to one, that releases, discharges and extinguishes the action as to both.”
 

 The.clis", tinolion bctween the fng1 the ex-°n anchis tor stated, 'onT" explained,
 

 We are aware that there is a well settled difference between the cases of the debtor being the executor of the cred- . . . ° . itor or his administrator. When the obligor, or one of the obligors is executor, not only is an action on the debt suspended, but the debt is extinguished; and no action on it ever will arise. But the committing of administration to the obligor does not extinguish the debt. It suspends the action, but the debt remains.
 
 Sir John Needham's
 
 case, 8 Rep. 136. Both the executor and the administrator must, indeed, account for the debt, as assets to creditors and legatees, or next of kin. Cro. Car. 373, 1 Salk. 303 & 306.
 
 Carey v. Goodinge,
 
 3 Bro. ch. cas. 110. But in neither case, can there be an action at law for the debt; from the absurdity of the same person being both plaintiff and defendant. But' that is not the only reason of the rule as applicable to executors; for if it were, then should the executor die intestate, his administrator could be sued by the administrator
 
 de bonis non cum testamento annexo
 
 of the testator. Yet it is clear, that cannot be; for no action at law will ever lie for any person on the debt. Mr, Justice Powell, in
 
 Wankford
 
 v.
 
 Wankford,
 
 states the true reason, that which is peculiarly applicable to the case of an obligor being appointed the obligee’s executor. He says, “ the reason is, that a personal action, once suspended by the act of the party, is gone forever; and though in some cases it may be suspended and revive again, yet, never where' the suspension is by the act of the party.” It is not, therefore, that the remedy is suspended, but that it is suspended by the testator’s own act} that extinguishes the executor’s debt. For in such a case, we may well say, as is said in the book, the debt is extinct; since a duty for which there is no remedy
 
 in presentí oel
 
 
 *38
 
 ceases to be a duty in a legal sense. But both Mr. Jnstiee Powell and Lord Holt say, that an administration is but a suspension of the action, and not an extinguishment ^ tjje debt; because the administration is not the act of the party, but of the law; and for this they quote
 
 Sir John Need-ham’s case.
 
 What is meant by the action being suspended very plainly appears. It is, that there can be ño action while the administration continues, because of the absurdity before mentioned. But that after it shall be no longer in force, either from its repeal, or from the death of the administrator, then an action will lie; because the debt has all along subsisted, and then there are proper parties to constitute the action, namely, the administrator
 
 de bonis non of
 
 the first intestate, and the executor or administrator of the first administrator. Accordingly,
 
 Sir John Needham’s case
 
 was an action by an administrator against one who administered on the creditor’s estate, but whose letters were repealed. It is true, in that case, the letters to the defendant were improperly granted, and were declared in the Spiritual Court
 
 pro nulla
 
 and
 
 invalida ad omnem juris effeclum.
 
 But the judgment was not founded on that, but on the general principle, that although the action had been suspended, yet it then well laid for the administrator
 
 de bonis non.
 
 For in that case, Lord Coke cites, as analogous and illustrative of the rule, the case of a woman executrix marrying the debtor of her testator, and after the death of the husband, having her action against his executor or heir; because she held the debt in another right, and it was only suspended during the coverture. And in another case, cited in Bac. Abr. Executors A 10, and reported in Siderfin 79, and 1 Keb. 313, the obligor was appointed administrator and died;' and then his executor was sued for the debt by the administrator
 
 de bonis non
 
 of the obligee, and the plaintiff had judgment. But it is undoubtedly the law, that during the life of the administrator and the existence of his administration, there can be no action on his debt to his intestate, if he be the sole debtor. And we think the law must be the same, if the administrator be one obligor with others in a joint and several bond. The principle of
 
 Cheetham
 
 v.
 
 Ward,
 
 and the old cases cited in it, is that.
 
 *39
 
 the contract creates but one duty, of which the obligation is the same upon all the obligors; and therefore, that whatever discharges that obligation as to one does so as to the others. Now, as far as this principle goes, the cases of an executor and administrator are strictly analogous; and therefore we think those adjudications, last quoted, direct authorities that the present action will not lie.
 

 The opera (i Rev. s,t.’ 6,j which ’
 
 *40
 
 S!e reviva?1' of a suit }jy trator™ex-" plained,
 

 
 *39
 
 But a doubt has been suggestéd, whether the matter is properly in abatement or in bar. To make the principle, of which we have been speaking, self-consistent, it must be a part of it, that when there is a discharge of one of the debtors, the discharge of the others is to the same extent with his, and no further. "When one of the obligors is appointed executor of the obligee, the discharge of all, from both the action and the debt, is total and perpetual. But the discharge to an administrator in such a case, is not from the debt; but it is temporary from the action. Consequently,’his co-obligors can claim no more through him. Now it is true, that if the right of action be merely suspended, or the matter pleaded only defeat the present proceeding, it should usually be pleaded in abatement. Some matters, indeed, may be pleaded either in abatement or in bar; and, perhaps, this may be of that character. But, without saying that it might or might not be pleaded in abatement, we think it good in bar, notwithstanding the defendants have but a temporary protection against the payment of the debt. The case is a peculiar one. The right of action is but suspended, as regards these defendants, but it is suspended until the death of the present plaintiff, and therefore, until a period so late that he cannot have an action on the bond at any time. Consequently,
 
 he
 
 is barred. The present administrator, who cannot sue, must not be confounded with the administrator
 
 de bonis
 
 non, who may sue when he comes into existence. They are different persons; and, at common law, there was no privity between them. It is still very limited, as created by statute. The act of 1824, 1 Rev. Stat. ch. 2, sec. 6, in one section, gives a
 
 scire facias
 
 to an administrator
 
 de bonis
 
 non, on a judgment recovered by an executor or administrator. The first section enacts that no suit, to which an executor or administrator is
 
 *40
 
 a party, shall abate by his death, but may be revived by or aSainst the administrator
 
 de bonis non
 
 of the deceased, as, by the existing law, it might be by or against an executor upon death his testator, the original plaintiff or defendant in action. But it is the necessary construction of that act, ^lat administrator
 
 de bonis non
 
 may proceed only in such action by the first administrator, as that administrator could properly bring and maintain. It does not authorise the first administrator to bring a suit, which, otherwise, he could not. It does not enable the plaintiff to sue now, because at his death an action will arise to the administrator
 
 de bonis non.
 
 That, indeed, will be a different action from the present; for this is against two only of the obligors, while that will be against them and the executor of the present plaintiff. As therefore
 
 this plaintiff
 
 can
 
 never
 
 maintain an action on this bond, because he is one of the obligors, that matter must be a good pled in bar; and as the facts were undisputed at the trial, he was properly non-suited.
 

 an obligor ■who is ad“"exéeutor of his obiigee, is assets in his the creditateesldores" 5-ofMn gee.
 

 What relief a surety who administers ujjon his may have against his principal _ cussldidlS"
 

 We should have more hesitation in pronouncing this judgment, if the estate of the intestate lost by it, or even if his co-were set free from the debt to the prejudice of the ®
 
 x "
 
 present plaintiff. As has been already said, the debt is assets to all purposes in the plaintiff’s hands; and therefore the eS(;ate jg secure. Nor can we doubt that a method may be -
 
 J
 
 devised to obtain justice from the defendants. Perhaps, this might be a proper case for a special ad'ministration on this Particular debt to be granted to a third person, while the plaintiff would administer the other parts of the estate. But if that be not done, yet if the plaintiff should pay debts of intestate to the value of this debt, or should pay it in the account between him and theliext of kin, we should be much . ' inclined, and, at present, see no reason why we should not that such actual payment would enable the plaintiff, in. aa action in his own name, to get contribution or indemnity . ' °
 
 J
 
 from his co-obligors. Iu
 
 Wankford
 
 v. Wankford, after stating that an administration by the debtor does not extinguish the debt, Lord Holt delivers his opinion further, “ that if the administrator, having no assets, pays a debt of the intestate, to the value of the bond, out of his own|money, that
 
 *41
 
 will be a release, though he had not known it to be so judged.” We understand this to mean, that in such a case, the administrator
 
 de bonis non
 
 could not recover from the representative of the first administrator, because there was actual payment, and that was a discharge of the debt. A doctrine so reasonable must, we should think, be law. If it be, then payment by this plaintiff in a like manner, would be a perfect and final discharge of both himself and the defendants from the debt and from the action of the administrator
 
 de bonis non;
 
 and ought to give him his action presently against his co-obligors for whatever they ought to pay, as between themselves: for example, if he be the surety for one or both of them.
 

 Per Curiam. Judgment affirmed.